## FRIEDLANDER v YAKOOBIAN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,719. Decided June 1, 1931

Miner & Weiner, Cleveland, for Friedlander.

Kreinberg & Kreinberg, Cleveland, for Yakoobian.

MAUCK, PJ, MIDDLETON & BLOSSER, JJ, (4th Dist) sitting.

BLOSSER, J.

When there is doubt as to whether the contract provides for a penalty or for liquidated damages the court should incline to regard it as a penalty. This rule, declared by the Supreme Court, is generally recognized. It can only be regarded as liquidated damages where it is the plain intention of the parties. **Jones v Stevens, 112 Oh St 57.**

There is nothing in the instant case at variance with the case of **Cain v Brown, Assignee, 105 Oh St 264,** which decides:

"Where a lessee in compliance with the terms of a written lease makes a deposit to secure the performance of the lease on his part, and the lessor exercises his right under the lease to dispossess the tenant and terminate the lease for failure to comply with its terms, the deposit is not forfeited, and the tenant is entitled to recover the balance remaining after deducting accrued rent and damages, if any, sustained by the landlord.

The terms of a written lease provided that the lessee should deposit with the lessor on delivery of the lease $750, in payment of the last five months of a five year term, the lessor to pay lessee as interest the sum of $37.50 per year during the period

prior to the beginning of the last five months. Long before the beginning of that period the lessor exercised his right under the lease to dispossess the lessee and terminate the lease for violation of one of its covenants. Held, The amount of the deposit was not forfeited and lessee was entitled to its repayment to him, less the amount of rent."

On page 271 of the opinion the court lays down the rule as follows:

"In 24 Cyc., 1143 (b), the rule is thus declared:

'Where a tenant deposits money as security for the payment of rent and the performance of the covenants of the lease, and is dispossessed during the term for failing to pay rent, the deposit is not forfeited; the tenant is entitled to recover the balance remaining after deducting therefrom the amount of damages suffered by the landlord from the breaches of covenants on his part prior to the dispossession."

In the case before us there is no claim of any damages by the lessor on account of the breach by the tenant of the covenants on his part."

There is nothing in the record in the instant case to indicate that any damages were sustained aside from the non-payment of the rent, and the parties can not be allowed to speculate as to some possible future damages.

The provision of the lease should be regarded as a penalty and the trial court was right in permitting the defendant to recover the balance of the deposit as prayed for in his answer and counter-claim.

The judgment is affirmed.

MIDDLETON and MAUCK, JJ, concur.